**MURPHY FINANCE COMPANY,**
**a Corporation, Respondent,**

v.

**Arthur MARTIN and Sharon Martin,**
**Appellants.**

**No. 24137.**

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 1965.

Elwyn L. Cady, Jr., Kansas City, for appellants.

Shockley, Searing, Sandifer, Reid & Koger, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff, Murphy Finance Company, as assignee and endorsee, of a promissory note signed by defendants, brought suit and had judgment against defendants for the unpaid balance. A jury was waived, the case was tried to the Court, and there was a judgment for plaintiff in the sum of $651.00. The defense was fraud and on appeal defendants assert that plaintiff's testimony as to the assignment of the note was by a witness whose testimony was inadmissible under the Dead Man's Statute. Section 491.010, V.A.M.S.

From the evidence it appears that on July 13, 1961, the defendants Arthur and Sharon Martin bought a food freezer from Guaranteed Foods, Inc., through its salesman and representative, Harry Herrmann. The promissory note sued upon was given in payment. The note was signed in blank. It was filled out by Mr. Herrmann for the total amount of $607.63, principal. The agreed total purchase price as declared by defendant Arthur Martin was $615. Martin also testified that Guaranteed Foods, Inc. was to finance the purchase. Financing charges, including interest, resulted in a requirement of 30 consecutive monthly installments of $26.04 each. Defendants paid some installments and then, according to their testimony, the "freezer went bad" and they defaulted. At the time of default there was a balance due of $651.00.

On July 17, 1961, the note was purchased by and assigned to plaintiff Murphy Finance Company. It bears the endorsement "Guaranteed Foods, Inc., By F. M. Springer, Secretary". At the time of trial Mr. Springer was dead and Mr. Herrmann, the salesman, was also deceased. Plaintiff sought to and was permitted to prove the endorsement, transfer and purchase of the note by the testimony of Larry Black, assistant manager of Murphy Finance Company. Defendants invoked the Dead Man's Statute as a bar to such testimony. Section 491.010, V.A.M.S. in part provides:

" * * * provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him."

The trial court ruled the note transaction was one between Guaranteed Foods, Inc. and Mr. and Mrs. Martin, rather than one between Mr. Herrmann and the Martins. We agree with that conclusion. It

734

was not error to refuse application of the Dead Man's Statute. Likewise, Mr. Springer, who endorsed as secretary of Guaranteed Foods, Inc. was acting not individually but for the company. Mr. Larry Black was not disqualified as a witness.

Appellants invite our attention to Swon v. Huddleston, Mo., 282 S.W.2d 18, 27, 55 A.L.R.2d 205. There the defendant's interest was clearly derivative from a party deceased. Here the interest of Murphy Finance Company was derived from Guaranteed Foods, Inc. and not from Herrmann or Springer. Neither the Swon case nor the others cited by appellants are applicable to our facts so as to result in affirmative application of the Dead Man's Statute.

■ Mr. and Mrs. Martin testified as to the purchase of the freezer, signing the note in blank and making some payments to Murphy Finance Company. The Court made findings of fact and entered same of record. We incorporate a portion herein.

"I find that the plaintiff was and is a holder in due course, provided with consideration of a note marked Plaintiff's Exhibit 1, which was executed by the defendants, that defendants are in default on the note, and that there is due and owing on said note the principal sum of $651, and that there was a default, and the balance due is $651.

"Also as further explanation of the detailed findings of fact and conclusions that I have previously stated, I would like to refer to Section 401.014, Missouri Revised Statutes, 1959, with regard to situations where a document is signed in blank, and it says as follows: 'And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill up as such for any amount. In order that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time.' I found from the evidence that Plaintiff's Exhibit 1 was filled up, strictly in accordance with the authority given, and within a reasonable time. The Statute continues: 'But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.' And, as previously indicated, I have found that the plaintiff was and is a holder in due course of the note marked Plaintiff's Exhibit 1, therefore even if there had been a failure to fill up the blanks strictly in accordance with the authority given, it would still be enforceable under the last sentence of that statute.

"There is, of course, the additional factor that the defendants did nothing to indicate any desire to rescind the contract, on the ground that it had been fraudulently induced in the respects mentioned above, with regard to the amount and with regard to the company or person that would finance it".

We concur in the findings of fact made and entered by the trial court. The same are almost at least entirely in accordance with the testimony of defendants. As to any variance, we are content to defer to the findings of the trial court with its advantage of seeing and hearing the witnesses. It might be mentioned that only three witnesses testified—Mr. Black and the two Martins.

We find no reversible error. The judgment is for the right party and it is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.

BROADDUS, J., not participating.